IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02578-ZLW

JERRI BRACKETT,

    Plaintiff,

v.

PAUL HAUTAMAA, M.D.,
RUTH B. NAUTS, M.D.,
COLORADO PERMANENTE MEDICAL GROUP, P.C.,
KAISER FOUNDATION HEALTH PLAN OF CO, INC.,
HOWARD M. KIRSHBAUM, Arbiter,
MILES FLESCHE, Chief Clerk,
JOHN DOERNER, Chief Clerk, and
SUSAN FESTAG, Chief Clerk,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Jerri Brackett has filed *pro se* on February 21, 2006, a "Motion for Reconsideration of Dismissal and Motion for Court Appointed Attorney and/or U.S. Intervention or Certification." In the motion to reconsider Ms. Brackett asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on January 23, 2006. Ms. Brackett also asks the Court to appoint counsel to represent her in this action. Finally, in a request that is not entirely clear, Ms. Brackett apparently asks the Court to certify a constitutional question to the United States Attorney General pursuant to 28 U.S.C. § 2403 so that the United States may intervene in this action.

The Court must construe the motions liberally because Ms. Brackett is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Ms. Brackett's motion to reconsider, which was filed more than ten days after the Court's January 23, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Ms. Brackett seeks to challenge in this action the results of one or more actions that she filed in the Colorado state courts. The Court dismissed the action for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Ms. Brackett argues in her motion to reconsider that the Court does have jurisdiction because she is raising constitutional claims.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Brackett fails to demonstrate the existence of any extraordinary circumstances

that would justify a decision to reconsider and vacate the order dismissing this action. The fact that Ms. Brackett claims her constitutional rights have been violated is not sufficient to establish subject matter jurisdiction. As the Court previously explained to Ms. Brackett, the losing party in a state court proceeding generally is "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Therefore, the motion to reconsider will be denied.

Ms. Brackett's motions for appointment of counsel and for certification of her constitutional claims to the Attorney General also will be denied. Ms. Brackett's citation of 28 U.S.C. § 2403 does not provide the Court with jurisdiction over her claims because that statute is not a jurisdictional statute. Furthermore, because Ms. Brackett does not challenge the constitutionality of any Act of Congress, there is nothing to certify to the Attorney General pursuant to § 2403. Accordingly, it is

ORDERED that the "Motion for Reconsideration of Dismissal and Motion for Court Appointed Attorney and/or U.S. Intervention or Certification" filed on February 21, 2006, is denied.

DATED at Denver, Colorado, this 13 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02578-BNB

Jerri Brackett
2100 W. 100th Ave. #266
Thornton, CO 80260

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3-14-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk